IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALVIN J. DUNCAN,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. PRESIDENT ROBINETTE BIDEN, SHERIFF MIKE LINDER, SCOTT TWITO, State of Montana Prosecutor,<br><br>Defendants. | CV-24-02-BLG-SPW-TJC<br><br>**ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Alvin J. Duncan, appearing pro se, filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2). In the Complaint, Duncan, who fantastically describes himself as a "U.S. Navy Seal 5 [Star] General, Commander of the United States Military," an "American diplomat," "Head of State in charge of nuclear warfare," "Judge with the United Nations," and "Supreme Law of the Land," purports to declare "martial law" on United States President Biden, Sheriff Mike Linder and Scott Twito. (Doc. 2.)

Duncan has also filed a Motion for Warrant for Seizure of Equipment (Doc. 4), Motion to Grant Motion for Warrant for Seizure of Equipment (Doc. 5), and Motion for Writ of Execution (Doc. 7). The motion to proceed in forma pauperis will be granted, but the Complaint should be dismissed as frivolous. The remaining motions will be denied.

1

I.  **MOTION TO PROCEED IN FORMA PAUPERIS**

Duncan filed an application requesting leave to proceed in forma pauperis. (Doc. 1.) He submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Because it appears he lacks sufficient funds to prosecute this action, the Court will grant Duncan's application. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Duncan's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

II.  **SCREENING**

When a litigant proceeds in forma pauperis, the Court must dismiss the case if it is determined that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The Court will review Duncan's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2). *Huftile v. Miccio-Fonseca*, 410 F. 3d 1136, 1138 1142 (9th Cir. 2005).

/ / /

/ / /

### A. Duncan's Claims

Duncan claims that under his alleged authority as a Navy General, Commander of the Military, American diplomat, Head of State, and United Nations Judge, he has declared "martial law" on Defendants Biden, Linder and Twito. (Doc. 2 at 7.) Duncan accuses Defendants of various offenses, including mutiny, sedation, treason, kidnapping, fraud, attempted murder, obstruction of justice, and disorderly conduct. As a result of these fanciful claims, Duncan purports to "order[] the U.S. President be put under arrest for treason," and to "order the Army National Guard [] to take over for the Yellowstone County Sheriffs Department and arrest Sheriff Mike Linder and [Yellowstone County Attorney] Scott Twito." (*Id.* at 21.)

### B. Discussion

Because Duncan is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also, *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). But even construed liberally, Duncan's pleading is, on its face, preposterous and does not present any plausible, legitimate, or viable ground for relief.

In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504

U.S. 25, 32 (1992). *Denton*, 504 U.S. at 32. Rather, the court has discretion to dismiss a pleading as factually frivolous where the allegations are "fanciful, fantastic, and delusional." *Id.* at 33 (internal citations and quotations omitted). The term "frivolous . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Duncan's allegations are facially irrational and wholly incredible. They plainly fall within the class of "clearly baseless" claims that a district court may dismiss as factually frivolous. *See Denton*, 504 U.S. at 32-33; 28 U.S.C. §1915A(b)(1).

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted). Here, there is no reason to believe the factual allegations could be remedied through amendment or more specific pleading because the claims are inherently frivolous. *Lopez v. Smith*, 203 F. 3d 1122, 1127 n. 8 (9th Cir. 2000). The Complaint should be dismissed.

**C.    Outstanding Motions**

Duncan has also filed Motions for Warrant for Seizure of Equipment (Doc. 4), to Grant Motion for Warrant for Seizure of Equipment (Doc. 5), and for a Writ of Execution (Doc. 7). Duncan requests that he be provided with one Humvee, a

4

military ID, U.S. military credit card, and a military uniform.

Because there exists no plausible basis in fact for this Court to grant Duncan relief due to the frivolous nature of his allegations, there is, likewise, no corresponding basis upon which to entertain his motions. Accordingly, this Court will order all outstanding motions be denied.

## III.  CONCLUSION

Based upon the foregoing, the Court issues the following:

### ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on January 5, 2024.

3. Duncan's motions (Docs. 4, 5, and 7) are **DENIED**.

Further the Court issues the following:

### RECOMMENDATION

This matter should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Duncan may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written

5

objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of March, 2024.

                                                    TIMOTHY J. CAVAN
                                                  United States Magistrate Judge